FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 2 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**KIM SCHROEDER**                                                                            **PLAINTIFF**

vs.                              No. 4:15-cv- 19- BSM

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**                          **DEFENDANTS**
**and LORI WITHROW, Individually and d/b/a**
**ALLEN & WITHROW, ATTORNEYS AT LAW,**      This case assigned to District Judge ___Miller___
**and d/b/a LAW OFFICES OF ALLEN & WITHROW** and to Magistrate Judge ___Volpe___

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Kim Schroeder, by and through his attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Portfolio Recovery Associates, LLC (hereinafter individually referred to as "PRA"), and Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law and d/b/a Law Offices of Allen & Withrow (hereinafter individually referred to as "Withrow") (all parties adverse to Plaintiff collectively referred to hereinafter as "Defendants"), does hereby state and allege as follows:

## I.
## PARTIES, JURISDICTION AND VENUE

1.      This is an action for damages brought by an individual consumer for each Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices, as well as claims for violations of the Arkansas Deceptive Trade Practices Act.

2.      Plaintiff is an individual consumer and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including the causes of action plead herein.

3.      Plaintiff is an individual resident of Russellville, Pope County, Arkansas.

4.      PRA is a foreign corporation registered to do business in the state of Arkansas, having identified Corporation Service Company located at 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, as its registered agent for service.

5.      PRA operates primarily to purchase and collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6.      Lori Withrow is an individual citizen and resident of the state of Arkansas, admitted to practice law in the state of Arkansas, who provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business at 12410 Cantrell Road, Suite 100, Little Rock, Pulaski County, Arkansas 72223.

7.      Lori Withrow also does business as Allen & Withrow, Attorneys at Law, an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

8.      Lori Withrow also does business as Law Offices of Allen & Withrow, an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

9.      Defendant Withrow also conducts the business of a debt collector and at times the actions taken by Defendant are either not those of an attorney or they are actions consisting of the blended duties of debt collector and attorney.

10.     Persons and corporations represented by Defendant Withrow operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq*. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

12.     Moreover, the Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

13.     Venue in this Court is further proper in that Defendants have brought an action to collect an alleged debt in an inferior state court located in this judicial district.

## II.
## FACTUAL BACKGROUND

14.     On or about August 17, 2012, Defendant Withrow sent to Plaintiff a letter informing Plaintiff of an alleged debt owed by him to Defendant PRA or to "GE Money Bank FSB."

15.     On or about September 12, 2014, Plaintiff responded in writing to Defendant Withrow's correspondence and demanded verification of the alleged debt owed, in accordance with the Fair Debt Collection Practices Act. A true and correct copy of this letter is attached hereto as Exhibit "A."

16.     Defendants Withrow and PRA failed to respond to the written demand for verification sent by Plaintiff.  In fact, no further communication regarding this alleged debt was received by Plaintiff until the initiation of the underlying district court case, nearly two years after Plaintiff requested verification of the debt.

17.     On or about August 22, 2014, Defendant Withrow caused to be issued and filed, respectively, a Summons and Complaint in the District Court of Pope County, Arkansas, against Schroeder on behalf of PRA who was collecting a debt which was allegedly assigned to or purchased by PRA from "GE Money Bank FSB."

18.     A true and correct copy of the District Court Summons and District Court Complaint is attached hereto as Exhibit "B" and incorporated by reference as if set forth word for word herein.

19.     As detailed below, the lawsuit referenced above was substantively and procedurally deficient in significant ways.

20.     The underlying lawsuit is based upon allegations that the defendant in the underlying lawsuit (Schroeder) failed to make payments or otherwise defaulted on a line of credit that originated from a lender who is not a party to the underlying lawsuit.

21.     The purpose of the underlying lawsuit was to collect an amount allegedly owed on a line of credit allegedly issued to Plaintiff Schroeder.

22.     As set forth more specifically below, the underlying lawsuit is deficient for a variety of reasons, including that it 1) lacks sufficient proof of an agreement regarding or consideration for the original debt; 2) lacks sufficient proof that the original debt was transferred to the plaintiff in the underlying lawsuit; 3) lacks sufficient proof that the affiant in the complaint in the underlying lawsuit had personal knowledge of any transactions, business records, or record-keeping practices as alleged by the affiant; 4) is facially barred by the applicable statute of limitations; 5) violates Rule 10(d) of the Arkansas Rules of Civil Procedure; and (6) is barred by the applicable statute of limitations.

23.     At all times relevant hereto, Defendants had full knowledge of the deficiencies described in the previous Paragraph.

24.     The debt at issue in the underlying lawsuit did not originate with PRA.

25.     Attached to the complaint in the underlying lawsuit is an Affidavit and Verification of Account completed by an employee of PRA.

26.     The Affidavit purports to be made with authority from the plaintiff in the underlying lawsuit.

27.     The affiant in the underlying lawsuit has no personal knowledge of the transactions alleged therein to have taken place between Schroeder and the debt originator.

28.     Neither the Affidavit nor any other document from the original lender attached to the complaint in the underlying lawsuit identifies the specific debt that is the subject of the district court lawsuit.

29.     Additionally, the underlying lawsuit lacks evidence of any written agreement creating the original debt and/or the actual extension of any loan or other thing of value to the alleged debtor in the underlying lawsuit.

30.     Defendant PRA did not own the debt at the time of filing the underlying action and failed to attach any documentation of any such alleged debt to the Complaint in the underlying action, in violation of Arkansas Rules of Civil Procedure 10(d).

31.     Defendants Withrow and PRA knew they had no proof that PRA owned the debt at the time of filing.

32.     At the time of filing the underlying lawsuit, both Defendants knew they could not obtain proof of the debt that was allegedly owed to PRA.

33.     Further, the underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

34.     At all times relevant hereto, Defendants had full knowledge of the facts alleged herein above, yet pursued the underlying lawsuit despite this knowledge.

### III.
### FIRST CLAIM FOR RELIEF:
### DEFENDANT WITHROW'S VIOLATIONS OF FDCPA

35.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

36.     Plaintiff asserts a claim for violations of the FDCPA against Defendant Withrow, including multiple violations of Arkansas Rules of Civil Procedure 10 and 11 by Defendant Withrow, including improper collection attempts by and blatant misrepresentations in the pursuit of the underlying lawsuit against her.

37.     As stated above, on or about August 17, 2012, Defendant Withrow sent Plaintiff a letter informing Plaintiff of an alleged debt owed by him to Defendant PRA or to "GE Money Bank FSB."

38.     On or about September 12, 2014, Plaintiff responded in writing to Defendant Withrow's correspondence and demanded verification of the alleged debt

owed, in accordance with the Fair Debt Collection Practices Act.

39.    Defendants Withrow failed to respond to the written demand for verification sent by Plaintiff, in clear violation of the Fair Debt Collection Practices Act. Defendant Withrow is liable for this significant violation of the FDCPA as alleged herein.

40.    As attorney for the plaintiff in the underlying lawsuit against Plaintiff Schroeder, Defendant Withrow is liable for the significant violations of the FDCPA as alleged herein.

41.    Defendant Withrow pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as she should be charged with the knowledge, that the suit against Plaintiff Schroeder was not lawfully tenable.

42.    Plaintiff responded within thirty (30) days of the initial communication with a request for validation of the alleged debt pursuant to 15 U.S.C. § 1692g, disputing the debt alleged, by filing his Answer to the Complaint filed by Defendant Withrow. As stated in *Thomas v. Law Firm of Simpson & Cybak*, "Service by creditor's law firm of a summons and complaint, filed in state court against debtor, was an "initial communication" within the meaning of the Fair Debt Collection Practices Act (FDCPA), such that its service triggered an obligation to notify debtor of his validation rights within five days." *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (2004); see also, generally, *Goldman v. Cohen*, 445 F.3d 152 (2006).

43.    Despite Plaintiff's multiple requests by Plaintiff, Defendant Withrow failed to provide verification as required by 15 U.S.C. § 1692g(b). This failure, along with Defendant Withrow's continued pursuit of collection of the alleged debt through the filing

of the underlying lawsuit, constitutes additional violations of the FDCPA.

44.     Furthermore, Defendant Withrow attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis*, 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton*, 231 Ark. 464, 330 S.W.2d 280 (1960)).

45.     By failing to bring forth this action within the statute of limitations, Defendant Withrow knew or should have known that the underlying action was time-barred and therefore, violated the FDCPA.

46.     Defendant Withrow violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Schroeder that would satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. As stated in *LVNV Funding, LLC v. Nardi,* "where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint." *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

47.     Defendant Withrow further violated the FDCPA as she knew or should have known that PRA did not have any proof or validation of the debt allegedly owed by Schroeder. It is a blatant violation of the FDCPA when a party does not possess and

cannot acquire any proof of the alleged debt.

48.      Due to Defendant Withrow's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend herself in the underlying lawsuit, despite Defendant Withrow's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant Withrow.

49.      Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant Withrow.

50.      By reason of the unlawful acts alleged herein, Defendant Withrow is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## IV.
## SECOND CLAIM FOR RELIEF:
## DEFENDANT PRA'S VIOLATIONS OF FDCPA

51.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

52.      Plaintiff asserts additional claims for violations of the FDCPA against Defendant PRA including improper collection attempts and clear misrepresentations by PRA in the pursuit of the underlying lawsuit against her.

53.      As a qualifying debt collector and plaintiff in the underlying lawsuit, Defendant PRA is responsible for the significant violations of the FDCPA as alleged

herein.

54.     Defendant PRA pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as it should be charged with the knowledge, that the suit against Plaintiff Schroeder was not lawfully tenable.

55.     Plaintiff responded within thirty (30) days of the initial communication with a request for validation of the alleged debt pursuant to 15 U.S.C. § 1692g, disputing the debt alleged by filing his Answer to the Complaint filed by PRA.

56.     Despite Plaintiff's multiple requests, Defendant PRA has failed to provide verification as required by 15 U.S.C. § 1692g(b). This failure, along with Defendant PRA's continued pursuit of collection of the alleged debt through the filing of the underlying lawsuit, constitutes additional violations of the FDCPA.

57.     PRA likewise violated the FDCPA in the pursuit of the underlying lawsuit against Plaintiff by specifically directing an employee of PRA to execute a false Affidavit and Verification of Account in the district court case.

58.     The Affidavit and Verification of Account states, "Account Assignee claims the sum of $737.08 as due and owing of the date of this affidavit." This statement is highly misleading, if not blatantly false, in that no amount is owed by Plaintiff Schroeder.

59.     The Affidavit and Verification of Account also contains false statements regarding the transfer of the original alleged debt to PRA in that there is no proof provided in the Affidavit or otherwise that this particularly alleged debt was, in fact, transferred to PRA. Affiant provides no information other than a blanket statement that a debt is owed by Schroeder in the sum of $737.08. PRA failed to provide any additional

proof of this alleged debt.

60.     PRA's suggestion that Plaintiff Schroeder owes any amount to them or any other related company, constitutes false, deceptive, and/or misleading representations or means in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

61.     Moreover, upon Plaintiff's best information and belief formed after a reasonable inquiry, PRA has no knowledge whatsoever regarding any initial contract for services for the debt alleged. Plaintiff has requested verification of the initial debt multiple times from Defendant PRA but PRA is unable to provide this information.

62.     PRA's suggestion that it has knowledge of an amount owed by Plaintiff is a false, deceptive, and/or misleading representation in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

63.     Furthermore, Defendant PRA attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

64.     By failing to bring forth the underlying action within the statute of limitations, Defendant PRA knew or should have known that the underlying action was time-barred

and therefore, violated the FDCPA.

65.    Defendant PRA violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Schroeder that could satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. Where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint. *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

66.    Due to Defendant PRA's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend herself in the underlying lawsuit, despite Defendant PRA's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant PRA.

67.    Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant PRA.

68.    By reason of the unlawful acts alleged herein, Defendant PRA is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## V.
## THIRD CLAIM FOR RELIEF:
## DEFENDANTS' VIOLATIONS OF THE ARKANSAS
## DECEPTIVE TRADE PRACTICES ACT

69.     Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

70.     In improperly representing to the Pope County District Court and to Plaintiff that Plaintiff owed a debt, Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

71.     Defendant PRA engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Pope County District Court, and/or to Plaintiff, are not grounded in actual law.

72.     Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by its employee to the Pope County District Court, and/or to Plaintiff, are not grounded in fact.

73.     In taking the actions as set forth above, Defendants have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

74.     Defendant PRA's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect

invalid debts.

75.     Defendant Lori Withrow, individually and d/b/a Allen & Withrow, violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

76.     The conduct described above and herein of all Defendants constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq*.

77.     Plaintiff is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

WHEREFORE, premises considered, Plaintiff Kim Schroeder respectfully requests that Defendant Portfolio Recovery Associates, LLC, and Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, each be summoned to appear and answer herein; for judgment in an amount to be proved at trial, such judgment consisting of compensatory and punitive damages; and for all attorney's fees and all court costs incurred herein; and for all other good and proper relief to which she may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**PLAINTIFF KIM SCHROEDER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Date:  September 12, 2012

Kim Schroeder
2229 Maple Springs Rd
Russellville, AR 72802

Allen & Withrow
Attorneys at Law
12410 Cantrell, Suite 100
Little Rock, AR 72223

Acct # 12-07489-0

To Whom It May Concern:

Re: Portfolio Recovery Associates, LLC

I am writing this letter in response to the letter received from you on August 17, 2012. In conformance to my rights under the Fair Debt Collection Practices Act (FDCPA), I am requesting you to provide me with a validation of this debt from your client. Please note, this a not a refusal to pay, rather a statement that your claim is disputed and validation is demanded. (15 USC 1692g Sec. 809 (b))__I do hereby request that your office provide me with complete documentation to verify that I owe the said debt and have any legal obligation to pay you or your client.

Please provide me with the following:

1. Agreement with the creditor that authorizes you to collect on this alleged debt

2. The agreement bearing my signature stating that I have agreed to assume the debt

3. Valid copies of the debt agreement stating the amount of the debt and



**EXHIBIT**

_A_

interest charges

4. Proof that the Statute of Limitations has not expired
5. Complete payment history on this account along with an accounting of all additional charges being assessed
6. Show me that you are licensed to collect in my state; and
7. Your license numbers and Registered Agent

If your office fails to reply to this debt validation letter within 30 days from the date of your receipt, all instances related to this account must be immediately deleted and completely removed from my credit file. Moreover, all future attempts to collect on the said debt must be ceased.

Your non-compliance with my request will also be construed as an absolute waiver of all claims to enforce the debt against me and your implied agreement to compensate me for court costs and attorney fees if I am forced to bring this matter before a judge.

Continued collection efforts should only be made in writing. Your robo-calls that have no one on the other end of the line will be reported to my attorney and to the attorney general's office as harassment.

Thanking you,

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
### RUSSELLVILLE DIVISION

*W nh, n 30* **SUMMONS**
**(NOTICE OF LAWSUIT)**

PORTFOLIO RECOVERY ASSOCIATES, LLC                                  **PLAINTIFF**

**V.**                                    **CASE NO.** CV-14-534

**KIM SCHROEDER**                                                   **DEFENDANT**

THE STATE OF ARKANSAS TO DEFENDANT:

Kim Schroeder
2229 Maple Springs Rd
Russellville, AR 72802

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it)–or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas–you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lori E. Withrow
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

*copy*
*mail*

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
Russellville District Court
1506 East 2nd Street Suite 2
Russellville, AR 72801

*L. Balent* DC
COURT CLERK

*8-22-14*
DATE

SEAL OF DISTRICT COURT
SEAL
RUSSELLVILLE
POPE COUNTY
ARKANSAS

**EXHIBIT**
*B*

No. _____ **This summons is for KIM SCHROEDER**

### PROOF OF SERVICE

❑   I personally delivered the summons and complaint to the individual at
_____ on _____ ; or

❑   I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑   I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ with
_____ , a person at least 14 years
of age who resides there, on _____ ; or

❑   I delivered the summons and complaint to _____ , an
agent authorized by appoint or by law to receive service of summons on behalf of
_____ on _____ ; or

**Description of person receiving documents:**
   The person receiving the documents is described as follows:
      Skin Color_____ Sex_____ Hair Color_____ Facial Hair_____
      Age_____ (prox) Height_____ (prox) Weight_____ (prox)

❑   I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❑   I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❑   Other
[specify]:_____
_____

❑   I was unable to execute service because:
_____
_____
_____

My fee is $_____ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date:_____   SHERIFF OF _____ COUNTY, ARKANSAS

By:_____

_____
(Print Name, Title& Badge No.)

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date:_____

By:_____

_____
(Print Name)

Adress: _____

_____

Phone _____

Subscribed and sworn to before me this date:_____

_____
Notary Public

My Commission Expires:

_____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____

## IN THE DISTRICT COURT OF POPE COUNTY, ARKANSAS
### RUSSELLVILLE DIVISION

PORTFOLIO RECOVERY ASSOCIATES, LLC                    **PLAINTIFF**

V.                                    CASE NO. CU 14-534

KIM SCHROEDER                                          **DEFENDANT**

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Pope County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her GE MONEY BANK, FSB account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $737.08, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 737.08, for all costs herein paid and expended, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Lori Withrow (98069)

FILED
AUG 2 2 2014
POPE COUNTY
DISTRICT COURT

S&A File No. 12-07489-0

## AFFIDAVIT

State of California
City of San Diego ss.

I, the undersigned, _____ Myrell Johns _____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1.  I am competent to testify to the matters contained herein.

2.  I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **GE MONEY BANK/WAL-MART** and those records transferred to Account Assignee from **GE MONEY BANK, F.S.B.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3.  According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **2/28/2011**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4.  According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **KIM SCHROEDER** ("Debtor and Co-Debtor") to the Account Seller the sum of **$ 737.08** with the respect to account number ending in       'as of the date of **4/7/2010** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5.  According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$ 737.08** as due and owing as of the date of this affidavit.

6.  Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____ Myrell Johns _____, Custodian of Records

Subscribed and sworn to before me on _____ 7 - 01   2 0 1 4 _____

by_____ Myrell Johns _____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public

STEPHEN P. SENECA
COMM. #1989109
NOTARY PUBLIC ● CALIFORNIA
SAN DIEGO COUNTY
Commission Expires Aug. 25, 2016

FILED
AUG 2 2 2014
POPE COUNTY
DISTRICT COURT



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

12.7489